IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

BONNIE J. KING,

    Petitioner,

v.                                    Civil action no. 5:03CV119
                                        Criminal action no. 5:02CR17

UNITED STATES OF AMERICA,

    Respondent.

**ENTERED**

DEC 2 0 2004

U.S. DISTRICT COURT
WHEELING, WV 26003

## REPORT AND RECOMMENDATION

### I. PROCEDURAL HISTORY

On August 18, 2003, the *pro se* petitioner, Bonnie J. King, an inmate at FPC-Alderson, filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody.[1] Along with her § 2255 motion, the petitioner filed a motion for extension of time in which to file a § 2255 motion. On August 18, 2003, and August 26, 2003, the petitioner filed a Motion for Counsel. Also on August 26, 2003, the petitioner filed a Motion to Invalidate her Plea Agreement.

By Order entered on August 29, 2003, the Court ordered the respondent to answer the motion. On September 29, 2003, the respondent filed United States' Response to Motion for Relief Under 28 U.S.C. § 2255. On February 13, 2004, the petitioner filed Petitioner's Reply to Government's Motion to Dismiss and Government's Response to Petitioner's Motion for Relief Under 28 U.S.C.§ 2255.

---

[1]The petition was postmarked on August 15, 2003.

26

On October 29, 2004, the petitioner filed a Motion to Supplement her § 2255 Motion. On December 13, 2004, the petitioner filed an Attachment to 28 U.S.C. § 2255 in which she alleges that her sentence violates Blakely v. Washington, 124 S. Ct. 2531 (2004).

Thus, this matter, which is pending before me for initial review and report and recommendation pursuant to LR PL P 83.15, is ripe for review.

## A. **Plea and Sentence**

On March 26, 2002, the petitioner signed a plea agreement in which she agreed to plead guilty to a two count information and stipulated that her relevant conduct was a level 32. At the plea hearing held on April 29, 2002, the petitioner waived her right to indictment. The petitioner pled guilty to conspiracy to use a communication facility to commit a drug felony in violation of 21 U.S.C. § 846 (Count 1) and use of a communication facility to commit a drug felony in violation of 21 U.S.C. § 843(b) and (d) (Count 2).

During the plea hearing, William C. Beatty, a special investigator for the Hancock County Prosecutor's Office, testified among other things that in June 2001 a cooperating witness called the petitioner from Weirton, West Virginia, to set up a crack buy. He also testified that in January 2001, an individual named Funk, on his way from Weirton, called the petitioner to set up a deal to get crack.

On August 12, 2002, the Court sentenced the petitioner to 48 months on Count 1 and 48 months on Count 2 to be served consecutively. The Judgment and Commitment Order was entered on August 14, 2002. The petitioner did not appeal her conviction and sentence.

## B. Federal Habeas Corpus

### Petitioner's Contentions

In her § 2255 motion, the petitioner raised the following grounds:

(1) Conviction obtained by plea of guilty which was unlawfully induced/not made voluntarily or with understanding of the nature of the charge.

(2) Conviction obtained by the use of coerced confession.

(3) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(4) Denial of effective assistance of counsel.

When the petitioner filed her reply to the Government's response, the petitioner added the following grounds:

(1) Prosecutorial misconduct due to the false and misleading testimony of Special Investigator Beatty.

(2) She was denied her right to be present at a critical stage of her case because the United States Marshals failed to bring her to her sentencing. [2]

### Government's Contentions

(1) The petitioner's challenge to her guilty plea is procedurally defaulted, and even if it were not defaulted, the guilty plea was lawful and voluntary.

(2) The conviction was not obtained by the use of a coerced confession.

(3) The conviction was not unconstitutional.

(4) The petitioner was provided effective assistance of counsel.

---

[2] Despite the petitioner's allegations, the petitioner did in fact attend her sentencing hearing. Thus, this allegation is without merit.

### D. Recommendation

The undersigned recommends that the petitioner's § 2255 motion should be denied and dismissed with prejudice.

## II. MISCELLANEOUS MOTIONS

### A. Motion for Extension

The petitioner filed a Motion for Extension on August 18, 2003. The motion should be denied as moot because the petitioner filed her § 2255 motion on August 18, 2003, and her motion was timely.

### B. Motion to Invalidate Plea Agreement

On August 26, 2003, the petitioner filed a Motion to Invalidate Plea Agreement. The motion is redundant because the petitioner alleges in her § 2255 motion that her plea was involuntary. The motion should be denied because as discussed below, the plea was not involuntary.

### C. Motion to Supplement

On October 29, 2004, the petitioner filed a Motion to Supplement because since the filing of her § 2255 motion "the United States Supreme Court has issued a ruling which supports the issues in her § 2255 motion." On December 13, 2004, the petitioner filed an attachment to her § 2255 motion in which she asserts her sentence violates Blakely v. Washington. The motion to supplement should be granted. However, as discussed below, the Blakely decision does not afford the petitioner any relief.

### D. Motion for Counsel

On August 18, 2003, and August 26, 2003, the petitioner filed a Motion for Counsel. A Court may appoint counsel to a financially eligible person if justice so requires in a § 2255 action.

4

See 28 U.S.C. § 2255; 18 U.S.C. § 3006A. Appointment of counsel for a petitioner who qualifies for the appointment of counsel under 18 U.S.C. § 3006A, is only required in a § 2255 action when necessary for utilization of discovery procedures and when an evidentiary hearing is required. See Rules 6(a) and 8(c) of the Rules Governing Section 2255 cases in the United States District Courts.

Upon review of the file, I have concluded that the issues in this matter are not complex, that this matter does not appear to require discovery or an evidentiary hearing, and that the petitioner has not demonstrated circumstances which demonstrate the need for appointment of counsel. Accordingly, the petitioner's motion for appointment of counsel should be denied.

## III. ANALYSIS

### A. Procedural Bar

The Government asserts that the petitioner's allegations that her guilty plea was induced and coerced and that the Government withheld telephone records are procedurally barred because the petitioner failed to raise such issues on appeal.

The voluntariness of a guilty plea cannot be attacked on collateral appeal unless it is first challenged on direct review. Bousley v. United States, 523 U.S. 614, 621 (1998). If the issue was not raised on direct appeal, the petitioner must show cause and prejudice or actual innocence. Id. at 622. "The existence of cause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." United States v. Mikalajunas, 186 F.3d 490, 492-493 (4th Cir. 1999), cert. denied, 529 U.S. 1010 (2000). "In order to demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack, a movant must show actual innocence by clear and convincing evidence." Id. at 493. "Typically, to establish actual innocence, a petitioner must demonstrate actual

factual innocence of the offense of conviction, i.e., that petitioner did not commit the crime of which he was convicted; this standard is not satisfied by a showing that a petitioner is legally, but not factually, innocent." Id. at 494.

The petitioner did not appeal her sentence. However, she asserts that the procedural default is the result of ineffective assistance of counsel, but the petitioner does not elaborate any further. She also states she is actually innocent, and that she has police records, telephone records, and statements from her legal consultant which demonstrate her innocence. However, she offers absolutely nothing to support her assertions of actual innocence.

The petitioner also states that she was not advised of the right to appeal and her attorney failed to meet the "ten (10) day deadline". However, at the sentencing hearing, the Court advised the petitioner of her right to file an appeal within 10 days. Further, the petitioner's allegation that her attorney did not meet the appeal deadline is entitled to little weight and is suspect given that the petitioner neither alleges that her attorney was ineffective for failing to file an appeal nor asserts that she even requested that her attorney file an appeal.

Thus, the undersigned finds that the petitioner did not appeal her sentence, and she has not made the requisite showing of cause and prejudice or actual innocence. Therefore, the petitioner's claims that her plea was induced and coerced and that the Government withheld evidence are procedurally barred. Even if these claims were not procedurally barred, as discussed below, they are without merit.

## B. Involuntary Plea/Coerced Plea

The petitioner asserts that she was induced and coerced to plead after she was threatened that she would receive a longer sentence if she did not enter a plea.

A guilty plea must be a voluntary and intelligent decision of the defendant. Boykin v. Alabama, 395 U.S. 238, 242 (1969); North Carolina v. Alford, 400 U.S. 25, 31 (1970).

The petitioner was placed under oath at the plea hearing, and she was advised that she had promised to tell the truth under penalty of perjury or false swearing. During the plea hearing, the petitioner testified that she agreed with the terms of the plea agreement, that she had gone over the plea agreement with her attorney, that she was not coerced to plead guilty, and that her attorney had adequately represented her. The petitioner also admitted in open court that she committed the offenses charged in the information. Also, during the plea hearing, the Court advised the petitioner of the elements that the Government had to prove if the case went to trial. The petitioner never indicated that she did not understand the Government's burden of proof.

Now, in essence, the petitioner wants this Court to disregard the statements she made to the Court under oath at the plea hearing. However, "[a]bsent clear and convincing evidence to the contrary, a defendant is bound by the representations he makes under oath during a plea colloquy." Fields v. Attorney Gen. of Maryland, 956 F.2d 1290, 1299 (4th Cir. 1992), cert. denied, 506 U.S. 885 (1992). A defendant's statements at the plea hearing are "strong evidence" of the voluntariness of the plea agreement. United States v. DeFusco, 949 F.2d 114, 119 (4th Cir. 1991), cert. denied, 503 U.S. 997 (1992). There is absolutely nothing in the record which demonstrates that the petitioner was coerced into pleading guilty or that her plea was unknowing. Thus, this claim is without merit.

### C. Prosecutor's Failure to Disclose Evidence

The petitioner asserts that the Government failed to disclose telephone records to her which was the basis for the conviction and failed to give her access to witnesses who stated facts contrary to the prosecution's statements. She further states that a legal consultant had reviewed her telephone

records and "found no evidence of any long distance exchanges to or from her residence in Pennsylvania to any parts of West Virginia." Thus, the petitioner asserts her telephone records contradict the testimony of Mr. Beatty.

The United States Supreme Court has held that "[t]he suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." Brady v. Maryland, 373 U.S. 83, 87 (1963). Evidence is material "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." United States v. Bagley, 473 U.S. 667, 682 (1985); United States v. Cole, 293 F. 3d 153 (4th Cir.), cert. denied, 123 S.Ct. 387 (2002).

However, the Supreme Court has held that "the Constitution does not require the Government to disclose material impeachment evidence prior to entering a plea agreement with a criminal defendant." United States v. Ruiz, 536 U.S. 622, 633 (2002). See also United States v. Dyess, 293 F. Supp.2d 675, 688 (S.D.W. Va. 2003).

Thus, this claim is without merit.

## D. Denial of Effective Assistance of Counsel

The petitioner asserts that her attorney was ineffective because he acted as a "mere spectator" at her sentencing which she was not notified to attend, her counsel failed to raise "indicated defenses" and her counsel had no experience in criminal law. In her reply, the petitioner adds that her attorney "misrepresented the degree of the offenses charged in the information and that she would not have pled guilty to either count of the informations as charged had she fully understood

and been fully aware of the relevant circumstances and likely consequences surrounding her plea." She also alleges that her attorney did not honor her request to prove her innocence by a polygraph examination or though the production of telephone records, her attorney failed to object to the PSR, her attorney failed to object to the amount of drugs attributed to her, and her attorney failed to object to the testimony of the special investigator during her plea hearing.

Counsel's conduct is measured under the two part analysis outlined in Strickland v. Washington, 466 U.S. 668, 687 (1984). First, the petitioner must show that her counsel's performance fell below an objective standard of reasonableness. Id. at 688. In reviewing claims of ineffective assistance of counsel, "judicial scrutiny of counsel's performance must be highly deferential," and the court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 689-90.

Second, the petitioner must be prejudiced by counsel's performance. In order to demonstrate prejudice, "the defendant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. If the defendant shows no prejudice from the alleged ineffectiveness of counsel, courts need not address counsel's performance. Fields v. Att'y Gen. of Maryland, 956 F.2d 1290, 1297 (4th Cir.), cert. denied, 506 U.S. 885 (1992).

A petitioner who alleges ineffective assistance of counsel following a guilty plea has an even higher burden: she "must show that there is a reasonable probability that, but for counsel's errors, she would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474

U.S. 52, 59 (1985); Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir. 1988), cert. denied, 488 U.S. 843 (1988).

First, the petitioner has not met the Strickland standard. The fact that the petitioner's attorney allegedly had no experience in criminal law does not state a claim of ineffective assistance of counsel. See United States v. Cronic, 466 U.S. 648, 665 (1984) ("The character of a particular lawyer's experience may shed light in an evaluation of his actual performance, but it does not justify a presumption of ineffectiveness in the absence of such an evaluation."); Beasley v. Holland, 649 F. Supp. 561, 567 (S.D.W. Va..1986).

With regard to the petitioner's allegation that her counsel acted as a "mere spectator" at her sentencing, the petitioner made further allegations that counsel failed to make objections at sentencing. Specifically, counsel did not object to the PSR. However, such allegation is insufficiently pled. Habeas motions must meet heightened pleading requirements. McFarland v. Scott, 512 U.S. 849 (1994). The motion must come forward with evidence that the claim has merit. Allegations amounting to nothing more than conclusions provide no basis for an evidentiary hearing. Nickerson v. Lee, 971 F. 2d 1125 (4th Cir. 1992), cert. denied, 507 U.S. 923 (1993). The petitioner fails to state what objections should have been made and how the failure to make the objections prejudiced her. With regard to her attorney's failure to object to the drug quantity, the petitioner asserts that she was not responsible for 50 grams and the PSR cites a factual finding of 22.05 grams. She further asserts that she should have been accountable for only 14 grams which were documented in lab and police reports. However, the parties stipulated in the plea agreement that the petitioner's relevant conduct was at a level 32. The Court determined that the petitioner's base offense level was 32 which was reduced by three levels for acceptance of responsibility for a

total offense level of 29. Thus, the petitioner has failed to show how she was prejudiced by her attorney's failure to object to the drug amount.

Additionally, the petitioner fails to adequately pled what was objectionable about the testimony of the special investigator and how her attorney's failure to object to the testimony of the special investigator during her plea hearing prejudiced her. Further, the petitioner fails to explain how her attorney misrepresented the charges against her. The Government argues that had the petitioner not entered a plea to the 2 Count information she faced a one count indictment charging her with conspiracy to distribute crack cocaine in violation of 21 U.S.C. §§846 and 841(b)(1)(A) and carried a term of imprisonment of 10 years to life imprisonment, if she were found guilty of the charges.[3] Moreover, while the petitioner asserts that her attorney did not honor her request to undergo a polygraph examination she admits in her reply that she used the telephone as charged. The petitioner does not explain how she was prejudiced by her attorney's failure to have her undergo a polygraph examination.

Thus, there is nothing which reveals that the petitioner's attorney acted in an unreasonable manner or that she was prejudiced by her attorney's representation. Therefore, the petitioner has not met the Strickland standard.

Additionally, the petitioner has failed to meet her heightened burden. While the petitioner states in her reply that she would not have pled guilty "had she fully understood and been fully aware of the relevant circumstances and likely consequences of her plea," such allegation is entitled to very little weight. The Court advised the petitioner of the consequences of her plea and the petitioner fails

---

[3]Case no. 5:01cr23

11

to explain what it is about the plea that she does not understand. Moreover, the petition must be based on more than a "bare allegation that but for counsel's error, [s]he would have pleaded not guilty and gone to trial." Armstead v. Scott, 37 F. 3d 202, 210 (5th Cir. 1994). Therefore, the petitioner's claim of ineffective assistance of counsel is without merit.

## F. Prosecutorial Misconduct

The petitioner asserts that the testimony of William C. Beatty at her plea hearing was false and misleading. The Due Process Clause of the Fourteenth Amendment prohibits the use of false evidence to obtain a conviction. Giglio v. United States, 405 U.S. 150 (1972); United States Rivers v. Martin, 484 F. Supp. 162 (W.D. Va. 1980). However, the petitioner must show that the prosecution knew the evidence was false. Stockton v. Virginia, 852 F. 2d 740 (4th Cir. 1988). "Notice pleading is not sufficient [in federal habeas corpus], for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977).

The petitioner does not explain what portions of Mr. Beatty's testimony was false and how the Government knew the testimony was false. In fact, during the plea hearing, the petitioner was given the opportunity herself to make any additions or corrections to the testimony of Mr. Beatty but she failed to do so. Thus, this claim is without merit.

## G. Blakely Issue

The petitioner states that her sentence violates Blakely v. Washington, 124 S.Ct. 2531 (2004) because her sentence was enhanced by 35 points for drugs.

Blakely, as an extension of Apprendi v. New Jersey, 530 U.S. 466 (2000), holds that "when

a judge inflicts punishment that the jury verdict alone does not allow, the jury has not found all the facts which the law makes essential to the punishment, and the judge exceeds his proper authority." Blakely, 124 S. Ct. at 2537 (citations omitted). However, the petitioner fails to address whether Blakely can be applied retroactively on a collateral review in a § 2255 motion.

The Fourth Circuit has held that Blakely does not apply to the United States Sentencing Guidelines. See United States v. Hammoud, 381 F.3d 316 (4th Cir. 2004) (en banc). Thus, this claim is without merit. Further, even if the United States Supreme Court determines that Blakely does apply to the United States Sentencing Guidelines, Blakely does not apply retroactively.

In 1989, the United States Supreme Court addressed the question of when retroactivity should be applied in cases on collateral review, such as a § 2255 motion. In Teague v. Lane, the Court held that, absent exceptional circumstances, the general rule is that "new constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced." Teague v Lane, 489 U.S. 288, 310 (1989). A conviction is final if "the judgment of conviction was rendered, the availability of appeal exhausted, and the time for petitioner of certiorari had elapsed." Id. at 295. Therefore, the court held that a petitioner's § 2255 motion cannot retroactively incorporate new constitutional decisions of criminal procedure, unless the petitioner demonstrates exceptional reasons why such incorporation is necessary. Id. at 306-309. The Court accentuated two examples of such exceptions. First, the Court stated that the a new rule could be applied retrospectively if "it places certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe. Id. at 311 (citing Mackey v. United States, 401 U.S. 667, 692 (1971)). Moreover, the Court held that a new law could be used retroactively in a habeas case if the new law mandated the application of "those procedures that... are implicit in the

concept of ordered liberty." Id. at 311 (citing Mackey, 401 U.S. at 693) (citations omitted). According to the court, the second exception is only "reserved for watershed rules of criminal procedure." Id.

Applying the Teague analysis, the United States Supreme Court and the Fourth Circuit have consistently held that Apprendi and any case that extends the reasoning of Apprendi should not be applied retroactively on collateral review in a § 2255 motion. See United States v. Sanders, 247 F.3d 139, 150 (4th Cir. 2001) (stating that "[w]e do not read Apprendi to hold that the country's criminal justice system malfunctioned so fundamentally prior to the year 2000, as to merit retroactive application of the Court's new procedural rule."). Moreover, the very same day that the Supreme Court decided Blakely, the Court issued an opinion that specifically held that an extension of Apprendi could not be retroactively applied on collateral review. See Schriro v. Summerline, 124 S. Ct. 2519, 2526 (2004) (holding that Ring v. Arizona, 536 U.S. 584, 585 (2002) which had previously extended the application of Apprendi to facts which augment a defendant's sentence from life imprisonment to the death penalty, was a new procedural rule which could not be applied retroactively on collateral review.). There is little doubt that Blakely was also an extension of Apprendi. In fact, the Court stated that Blakely "requires us to apply the rule we expressed in Apprendi." Id. at 2537. Furthermore, Blakely specifically announced that "Our commitment to Apprendi *in this context* reflects not just respect for longstanding precedent, but the need to give intelligible content to the right of jury trial." Id. at 2539 (emphasis added). Therefore, similar to Schriro, this court recommends that Blakely, as an extension of the reasoning in Apprendi, should also be barred from retrospective application on collateral review in a § 2255 motion.

Additionally, the Supreme Court has held in a case involving a successive petition, for

purposes of 28 U.S.C. § 2244(b)(2)(A), that only the Supreme Court could declare that a new rule of constitutional law is retroactively applicable to collateral review. See Tyler v. Cain, 533 U.S. 656 (2001). The Fourth Circuit has not limited Tyler to 2244(b)(2)(A) issues and has extended its reasoning to initial § 2255 motions, as well. See San-Miguel v. Dove, 291 F.3d 257, 260 (4th Cir. 2002). See also Beamon v. United States, 189 F. Supp.2d 350 (E.D. Va.2002) (applying Tyler to discussion of whether Apprendi applies retroactively to initial § 2255 motion). In accordance with the reasoning in Tyler, this court further recommends that Blakely is disallowed from retroactive application on collateral review.

Consequently, the Blakely decision affords the petitioner no relief.

## H. Evidentiary Hearing

The petitioner seeks an evidentiary hearing. 28 U.S.C. § 2255 provides in pertinent part as follows:

> [u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

28 U.S.C. § 2255. See also United States v. Witherspoon, 231 F.3d 923 (4th Cir. 2000).

The petitioner's motion and the Government's response conclusively establish that the petitioner is entitled to no relief. Thus, she is not entitled to an evidentiary hearing.

## IV. RECOMMENDATION

For the reasons stated herein, it is accordingly recommended that the Court enter an Order which DENIES the (1) petitioner's § 2255 motion, (2) Motion for Extension; (3) Motion to Invalidate Plea and (4) Motion for Counsel, and GRANTS the Motion to Supplement but DENIES

15

the Attachment/Supplement to the petitioner's § 2255 motion.

Any party may file within ten (10) days after being served with a copy of this Recommendation with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of Court is directed to mail a copy of this Recommendation to the *pro se* petitioner and the United States Attorney for the Northern District of West Virginia.

Dated: December 12, 2004

JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE