IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


BONNIE J. KING,

       Petitioner,

v.                           Civil Action No. 5:03CV119
                          (Criminal Action No. 5:02CR17)
UNITED STATES OF AMERICA,         (STAMP)

       Respondent.


**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE
AND SCHEDULING RESENTENCING HEARING**

I.   Procedural History

On August 18, 2003, the pro se petitioner, Bonnie J. King ("King"), filed a motion to vacate, set aside, or correct sentence by a person in federal custody pursuant to 28 U.S.C. § 2255. This Court referred the case to United States Magistrate Judge James E. Seibert, pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B), to recommend disposition of these matters. On December 20, 2004, Magistrate Judge Seibert filed a report recommending that King's § 2255 motion be denied, motion for extension be denied, motion to invalidate the plea be denied, motion for counsel be denied and the motion to supplement be granted but denied the attachment to King's § 2255 motion. King filed objections on February 16, 2005, challenging the magistrate judge's findings with respect to procedural default, ineffective assistance of counsel, the validity of her guilty plea, and prosecutorial misconduct. On May 10, 2006,

this Court affirmed and adopted the magistrate judge's report and recommendation with respect to the original petition and the additional claims raised in the petitioner's reply to the respondent's response. With respect to the additional ground for relief King asserted in her objections to the report and recommendation for ineffective assistance of counsel for failure to file timely appeal, this Court remanded the issue to Magistrate Judge Seibert. Specifically, this Court ordered the magistrate judge to conduct any hearing he believed was required and to recommend disposition of this matter. King and her appointed counsel, Brendan S. Leary ("Leary"), Assistant Federal Public Defender, attended an evidentiary hearing on June 21, 2006. Assistant United States Attorneys David J. Perri and Robert H. McWilliams, Jr. ("McWilliams") were also present and James R. Fenchel, II ("Fenchel"), King's criminal defense attorney, appeared by telephone.

On July 28, 2006, Magistrate Judge Seibert filed a report recommending that King's petition be granted and she be re-sentenced so that she may file an appeal. The magistrate judge also informed the parties that if they objected to any portion of his recommendation, they must file written objections within ten days after being served with a copy of his recommendation. On August 1, 2006, the government filed a response to the report and recommendation stating that it has no objection.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a de novo review of those portions of the magistrate judge's findings to which objection is made. However, failure to file objections to the magistrate judge's proposed findings and recommendation permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to de novo review is waived. See Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982); Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Accordingly, this Court reviews the report and recommendation of the magistrate judge for clear error.

## II. Facts

On April 17, 2002, the government filed an information charging King with conspiracy to use a communication facility to commit a drug felony (Count One), in violation of 21 U.S.C. § 846, and use of a communication facility to commit a drug felony (Count Two), in violation of 21 U.S.C. § 843(b) and (d). On April 29, 2004, King waived her right to indictment and pled guilty to Counts One and Two of the information in open court. On August 12, 2002, this Court sentenced King to 48-months incarceration on Count One and 48-months incarceration on Count Two, these sentences to be served consecutively.

On June 21, 2006, Magistrate Judge Seibert held an evidentiary hearing. At the evidentiary hearing, Attorney Fenchel testified

that his law partner at the time of King's representation was Arthur H. Baker, III ("Baker"). Attorney Fenchel admitted that Attorney Baker was present at some of his meetings with King and that Attorney Baker also attended some of King's hearings in his place.

The magistrate judge asked Attorney Fenchel whether he recalled King requesting that an appeal be filed in her criminal action. Attorney Fenchel stated that he had no recollection of such a request by King. Attorney Fenchel stated that he discussed King's case with her family but did not have any recollection of the family requesting him to file an appeal on behalf of King.

Attorney Fenchel further stated that he was not aware that King was alleging that he failed to file an appeal until he received a subpoena to testify at the evidentiary hearing. Attorney Fenchel testified that his practice was to discuss appellate rights with a defendant during the plea negotiations, but it was not his standard practice to send a client a letter outlining his or her appellate rights.

Finally, Attorney Fenchel asserted that he did not believe that King had any grounds for appeal but, if King or one of her family members had requested him to file an appeal, he would have done so, assuming that doing so was part of his appointment under the Criminal Justice Act ("CJA").

King testified that she met Attorneys Fenchel and Baker in February 2002. Then, on March 26, 2002, King met with Attorney Baker and signed a plea agreement. King states that the plea agreement and its terms were never explained to her. On April 29, 2002, King and Attorney Baker attended a change of plea hearing. King stated that during the government's presentation of evidence, she advised Attorney Baker that she wanted to appeal her criminal case because the government's witnesses lied about the factual predicate of the case.

On August 12, 2002, Attorney Fenchel attended King's sentencing. King stated that she did not meet with Attorney Fenchel before or after her sentencing. During the sentencing, King did not speak to Attorney Fenchel or tell him that she wanted to file an appeal. King testified that her attorney did not advise her of her appellate rights either in person or by letter after her sentencing.

Finally, King testified that she attempted to contact Attorney Fenchel and his secretary refused to accept her telephone call. Then, King contacted her mother and asked her mother to contact Attorney Fenchel and advise him that King wanted to file an appeal. King asserted that Attorney Fenchel told her mother that there was "nothing she could do about it." (Report and Recommendation at 4.)

Attorney Leary argued that the testimony was uncontradicted that King informed Attorney Baker that she wanted to file an appeal

5

and that no appeal was ever filed.  Attorney Leary asserted that by virtue of their partnership and their "shared" representation of King, Attorney Fenchel's duties were imputed to Attorney Baker. Attorney Leary also argued that the uncontradicted testimony was that King attempted to telephone Attorney Fenchel after her sentencing and request that an appeal be filed, but that Attorney Fenchel's secretary would not accept the telephone calls.[1] Finally, Attorney Leary asserted that the uncontradicted testimony was that the petitioner's mother contacted Attorney Fenchel and requested that an appeal be filed.

Attorney McWilliams did not dispute any of the arguments asserted by Attorney Leary.  Instead, Attorney McWilliams asserted that King did not show that she had suffered any prejudice from counsel's failure to file an appeal.  Attorney McWilliams asserted that since King did now show that she had any viable issue on appeal, she failed to establish ineffectiveness of counsel and her request for relief on this ground should be denied.

### III.  Applicable Law

In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court articulated the standards used to measure ineffective assistance of counsel.  The Court stated that "[t]he benchmark for

---

[1]Attorney Leary stated that the telephone calls made from the Northern Regional Jail are collect calls and Attorney Fenchel's office would have had to accept the telephone call from King to talk to him.

judging any claim of ineffectiveness of counsel must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Id. at 686. Thus, in order to prove an ineffective assistance claim, a defendant must show that "counsel's performance was deficient" and that "counsel's errors were so serious as to deprive the defendant of a fair trial . . ." Id. at 687. Under this two-prong test, a claim will be successful only if (1) counsel made significant missteps, and (2) "but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

## IV. Discussion

The United States Court of Appeals for the Fourth Circuit has held that "a criminal defense attorney's failure to file a notice of appeal when requested by his client deprives the defendant of his Sixth Amendment right to the assistance of counsel, notwithstanding that the lost appeal may not have had a reasonable probability of success." United States v. Peak, 992 F.2d 39, 42 (4th Cir. 1993). Further, in Roe v. Flores-Ortega, 528 U.S. 470, 478 (2000), the United States Supreme Court recognized that "[i]f counsel has consulted with the defendant, the question of deficient performance is easily answered: Counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal."

In this action, the clear weight of the evidence shows that King requested her attorney to file an appeal on her behalf and that no appeal was filed. Thus, the magistrate judge correctly found that King's counsel was deficient and prejudice is presumed. See Peak, 992 F.2d at 41 ("[t]he Strickland test is not universal -- there are some genres of denial of counsel from which prejudice is presumed . . ."). Accordingly, this Court finds that King's petition is granted and she will be re-sentenced so that she may file a timely appeal.

## V.  Conclusion

Because the parties have not objected to the report and recommendation of the magistrate judge, and because this Court finds that the magistrate judge's recommendation is not clearly erroneous, the ruling of the magistrate judge is hereby AFFIRMED and ADOPTED in its entirety. it is ORDERED that the parties and the United States Probation Officer appear before the Court at the Wheeling point of holding court on **August 28, 2006 at 1:15 p.m. at the Wheeling point of holding court** for resentencing of the defendant in United States v. Bonnie J. King, Criminal Action No. 5:02CR17. In addition, the United States Marshals Service shall transport the petitioner from FPC-Alderson, where she is incarcerated, to the United States Federal Building, Twelfth and Chapline Streets, Wheeling, West Virginia in order for her to be present at this sentencing hearing.

In light of the scheduling of defendant King's resentencing hearing, this civil action is hereby DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the petitioner, to counsel of record herein, to the United States Probation Office and to the United States Marshals Service.

DATED:     August 10, 2006


/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE